# BAKER BOTTS LLP

30 ROCKEFELLER PLAZA   AUSTIN
NEW YORK, NEW YORK   BAKU
10112-4498   DALLAS
212.408.2500   HOUSTON
FAX 212.408.2501   LONDON
**NEW YORK**
RIYADH
WASHINGTON

John A. Fogarty, Jr.
(212) 408-2516
FAX (212) 408 2501
John.Fogarty@bakerbotts.com

April 12, 2004

**VIA ECF & FEDERAL EXPRESS**

Hon. William D. Wall
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, N.Y.  1722-4438

Re:     **Consolidated Pursuant To Order Dated February 26, 2004:**
        **Plasma Physics Corp. v. Agilent Technologies, Inc. CV 02-3456 (LDW)(WDW)**
        **Plasma Physics Corp. v. Micron Technology, Inc. CV 02-3457 (LDW/WDW)**
        **Plasma Physics Corp. et al. v. NSC CV 02-3459 (LDW)(WDW)**
        **Plasma Physics Corp. v. LSI Logic Corporation CV 02-3462 (LDW)(WDW)**

Dear Judge Wall:

        This is in response to National Semiconductor Corporation's ("NSC") letter motion dated April 7, 2004, seeking fact discovery under Rules 33, 34 F.R.Civ.P. with respect to the whereabouts of Mr. Coleman's 1978 Diary.   The discovery comprises four multi-part interrogatories addressed not only to Plasma Physics Corporation ("Plasma Physics"), but also to its trial counsel Baker Botts LLP and to its trial counsel Fish & Neave, and a document request for "a collection of original documents that would be acceptable alternatives to the 1978 diary."

        NSC's counsel has already requested inspection of and inspected the collection of original documents referred to in my correspondence regarding the 1978 diary.  (Tab A).  The inspection occurred at the offices of Fish & Neave on July 24, 2003.  I am informed that the documents then requested and inspected were:

        1) 1977 Diary (original).

        2) 1982 Diary (original).

        3) single sheet 1977 document (original).

**BAKER BOTTS** LLP

Honorable William D. Wall                                    2                                    April 12, 2004

4) Pendaflex folder entitled "Exxon" dates from at least 1978-1985.

5) Pendaflex folder entitled "Burroughs" dates from at least from 1977-1984.

6) Pendaflex folder entitled "Notebook Pages Originals" dates at least in 1982.

7) Pendaflex folder entitled "Monsanto" dates from at least 1969-1979.

8) Pendaflex folder entitled "1977 Diary Pages" Copies.

9) Pendaflex folder entitled " CDC Research" dates in 1977.

10) Pendaflex folder entitled "Old FR&N (Ed Jay)" 1965-1966.

11) Pendaflex folder entitled "Plasma 1977 Corresp." dates from 1977-1978.

These original documents remain in the custody of Fish & Neave. If counsel will give me dates of his choice, I can arrange to make those 1977 and 1978 originals again available to him.

However, Plasma Physics objects to so much of NSC's document request as seeks more than such reinspection, i.e., by seeking "the entire universe of available, original handwritten documents prepared by Mr. Coleman in 1978 and early 1979 to evaluate which if any of these would be appropriate alternatives to the missing diary." A document request for the "entire universe" of anything is both unduly broad and also excessively indefinite and burdensome and would not pass muster before fact discovery in these actions had closed; *a fortiori* now. NSC's premise is that the 1978 Diary contains "a broad, chronological sampling of the various inks he [Mr. Coleman] used throughout 1978." One marvels at the hyperbole, given that neither NSC nor Weil Gotshal has ever seen the original 1978 Diary. Simply stated, not having seen the original 1978 Diary, neither NSC nor Weil Gotshal is in a position "to evaluate which if any of these [documents in the entire universe] would be appropriate alternatives to the missing diary." We submit that no one is in a position to do that.

To be sure, just as Marley was dead as a doornail, it is certain that the 1978 Diary is missing. Fish & Neave so first informed Weil Gotshal (in the persona of Mr. Glazer and Ms. Goldstein who advise STM and NSC respectively) of this fact during the first week of February 2004. Plasma Physics, Fish & Neave, and Baker Botts literally have searched rooms of documents looking for the original diary without success to date. In any event, Baker Botts does not have the original diary, and has repeatedly so informed Weil Gotshal, as NSC's motion concedes.

Baker Botts understands that Weil Gotshal and Fish & Neave have had a number of communications about the missing diary. Baker Botts is not informed respecting the substance of those communications and cannot fathom why NSC's letter motion is silent regarding those

**BAKER BOTTS** LLP

Honorable William D. Wall                                   3                                   April 12, 2004

communications, unless, having received answers to NSC's "interrogatories" from Fish & Neave, Weil Gotshal is trying to whipsaw Baker Botts.

NSC and its counsel Mr. Radulescu who also represents STM have in the past argued that they sought production of the original 1978 diary only for comparative ink inspection, comparative ink analysis, and comparative ink testing purposes with respect to the 1977 Diary and the single sheet 1977 document. While still looking for the 1978 diary, Plasma Physics is willing to make available the foregoing 1977 and 1978 original documents previously inspected by NSC for the same purposes. Any original 1978 samples should suffice for comparison. As a result of such proffered inspection of original documents containing hand-written ink entries from 1978, it is entirely irrelevant to the inspection and testing ordered by the Court that the original 1978 diary cannot presently be found by Plasma Physics.

NSC continues to pick a crow with Plasma Physics concerning NSC's unproven bizarre allegations respecting the single sheet 1977 document. To this mud-slinging NSC now adds the gratuitous charge of spoliation and a set of untimely "interrogatories" and "document requests." NSC has long delayed the ink testing, e.g., allowing its "expert" to leave town for six weeks in February-March 2004. In NSC's view, "it makes sense to first resolve the issues raised by the missing Diary before scheduling such testing." (Tab B). We submit that postponing the tests makes sense only if NSC does not want to perform the tests at all. NSC's motive to postpone is transparent, given the "junk science" inherent to NSC's proposed ink tests of the 1977-1978 documents.

The Court should deny NSC's motion in all respects so that the parties can go on with the important works of expert discovery and pretrial preparation.

Respectfully submitted,

John A. Fogarty, Jr.

**BAKER BOTTS** LLP

cc:

**VIA FACSIMILE TRANSMISSION & FEDEX**

Sean C. Cunningham, Esq.
GRAY CARY
401 B Street, Suite 2000
San Diego, CA 92101-4240
Counsel for Agilent Technologies, Inc.

Adam I Cohen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Counsel for Micron Technology, Inc.

Jonathan D. Marshall, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Counsel for National Semiconductor Corporation

Edmond R. Bannon, Esq.
FISH & RICHARDSON
45 Rockefeller Plaza
New York, New York 10112
Counsel for LSI Logic Corporation

NY02:481779.1