IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
PLASMA PHYSICS CORPORATION,
                      Plaintiff,            CV 02-3456 (LDW) (WDW)
    -against-

AGILENT TECHNOLOGIES, INC.,
                      Defendant.
-----------------------------------------------------------X
Plasma Physics CORPORATION,            CV 02-3462 (LDW) (WDW)
                      Plaintiff,
    -against-

LSI LOGIC CORPORATION,
                      Defendant.
-----------------------------------------------------------X

**PLAINTIFF PLASMA PHYSICS CORPORATION'S
MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 455 (a)
<u>DISQUALIFYING SPECIAL MASTER FILARDI</u>**

NY02:489438.1

# RELIEF SOUGHT

PLASMA PHYSICS CORPORATION, plaintiff ("Plasma Physics"), moves this Court for an Order pursuant to 28 U.S.C. §455(a) disqualifying the appointed Special Master, Edward V. Filardi, Esq., because his impartiality might reasonably be questioned by reason of facts that Mr. Filardi concealed from Plasma Physics during the entirety of Mr. Filardi's tenure as Special Master and that became known to Plasma Physics on June 2, 2004, the day after service of the Special Master's Report and Recommendations.

## I.   Introduction

In accord with Magistrate Judge Wall's Order dated April 13, 2004 (copy attached at Tab 1), on about April 29, 2004, the parties agreed to the appointment of Edward V. Filardi, Esq., Skadden, Arps, Slate, Meagher & Flom, Four Times Square, New York, New York 10036 ("Skadden Arps") as Special Master to conduct a Markman hearing in this consolidated action and to issue a report and recommendations on patent claim construction.

Prior to the parties' agreement respecting the appointment of Mr. Filardi as special master, on April 21, 2004, counsel for the parties participated in a joint telephone conference with Mr. Filardi, which had been initiated at the instance of counsel for defendants. During this teleconference, counsel for Micron Technology, Inc. (Mr. Matthew Powers of Weil Gotshal & Manges) disclosed that Skadden Arps had a long-standing professional relationship with Applied Materials, Inc. ("Applied Materials") as Applied Material's antitrust counsel. Mr. Powers knew this because he and his firm also represent Applied Materials. As one legal representative of Applied Materials to another, Mr. Powers represented to Mr. Filardi that, because of some unspecified indemnification issues between Applied Materials and one or more of the named defendants in this case,

decisions made by Mr. Filardi – should he accept the appointment – on patent claim interpretation could adversely affect Applied Materials. The not so subtle message communicated to Mr. Filardi was that he ought to think about the consequences to Applied Materials of his adopting any claim construction proposed by Plasma Physics.

Notwithstanding Mr. Power's disclosure of the relationship between Skadden Arps and Applied Materials, Plasma Physics maintained its approval of Mr. Filardi as Special Master because the relationship between Skadden Arps and Applied Materials did not involve patent matters and Plasma Physics trusted that Mr. Filardi would not be influenced by his firm's representation of Applied Materials in unrelated matters. Mr. Filardi accepted the appointment. In an Engagement Letter dated May 17, 2004 (Tab 2), the parties agreed that Skadden Arps may continue to represent Applied Materials in legal matters whether or not related to the Engagement and whether or not adverse to Plasma Physics. The Letter further states that these "Permitted Adverse Representations" do not "constitute a breach of duty."

On May 11, 2004, Mr. Filardi executed and filed an Affidavit stating that he knew of "no ground for disqualifying me under 28 U.S.C. § 455 from serving as a Special Master in the above-identified consolidated civil actions to render a report and recommendations on the meanings of the terms contained in the claims of the plaintiff's United States Patent Nos. 6,245,648, 4,226,897 and 5,470,784." (Tab 3).

On May 17 and 18, 2004, Mr. Filardi conducted a claim construction tutorial and claim construction hearing, respectively. On about May 25, 2004, Mr. Filardi applied to the court for an extension of the May 28, 2004, date on which his report and recommendations were due; the court extended that date through June 1, 2004 and Mr.

Filardi e-mailed his Report and Recommendations to the parties very late in the evening of June 1.

## II. The Master's Affirmative Concealment Of Material Facts

Sometime before May 28, 2004, and while Mr. Filardi was serving as the Special Master in this case, Skadden Arps, and perhaps Mr. Filardi directly, were engaged in negotiations with Jeffrey Randall and Charles Ebertin, Intellectual Property ("IP") lawyers and partners of the Silicon Valley firm, Cooley Godward, involving the hiring of both lawyers as lateral partners. Plasma Physics has no knowledge of the time span of the negotiations or of the identity of the Skadden Arps lawyers involved in the negotiations. Plasma Physics knows only that the negotiations had to have taken place before May 28 and that, even if he was not directly involved in the negotiations, Mr. Filardi had to have known of the negotiations, because he is co-chair of the Skadden Arps IP practice group.

The May 28, 2004 date is fixed, because it was on this day that Messrs. Randall and Ebertin told their partners at Cooley Godward of their decision to leave Cooley Godward and join Skadden Arps. (Tab 4). Plasma Physics does not know the extent to which Messrs. Randall and Ebertin, or Cooley Godward, publicized that decision on May 28, 2004. It may be presumed that Messrs. Randall and Ebertin were asked by Skadden Arps, and perhaps Mr. Filardi himself, not to publicly announce their intention to join Skadden Arps on May 28, 2004, because of the protest that the announcement, made at the time while Mr. Filardi was preparing his Report and Recommendations, would have provoked from Plasma Physics.

The first public announcement, of which Plasma Physics is aware, occurred on June 2, 2004 (Tab 4), within hours after Mr. Filardi issued his Special Master's Report and Recommendations Concerning Claim Construction. In a press release, also probably prepared when Mr. Filardi was acting as Special Master, Mr. Filardi announced that Messrs. Randall and Ebertin were joining Skadden Arps as partners and stated that "[o]ur hiring of Jeffrey and the two other partners will complement what we do here on the east Coast very well." (Tab 5).

Skadden Arps' negotiations with Messrs. Randall and Ebertin and the firm's agreement to hire both lawyers during and perhaps even before Mr. Filardi was appointed Special Master created a subject matter conflict on Mr. Filardi's part that Plasma Physics would not have waived and, indeed, might not have been able to waive. Canon 3E, ABA Code of Judicial Conduct. Messrs. Randall and Ebertin were adverse to Plasma Physics on behalf of Applied Materials in litigation involving the very same patents whose claim terms Mr. Filardi was appointed to interpret.

### III.   The Nature Of The Concealed Subject Matter Conflict

On about April 17, 2000, while he was a partner of the Cooley Godward firm, Mr. Randall filed a declaratory judgment complaint in this Court on behalf of Applied Materials naming Plasma Physics Corporation and Solar Physics Corporation as defendants (CV 002199 LDW). Applied Materials was also represented in that litigation by Mr. Ebertin who was then a partner of Cooley Godward, apparently having previously been employed in an in-house IP capacity by Applied Materials.

The Applied Materials' complaint sought a declaration that the '897 and '784 patents in suit were not infringed by the manufacture, use, or sale of cluster tools made by Applied Materials. Applied Materials commenced this action to protect both the customers who had already been sued in this Court for patent infringement by Plasma Physics and also the customers who faced suit in this Court by Plasma Physics for infringement of those patents.

Thereafter, Applied Materials served an amended complaint that added John H. Coleman, patentee of the patents in suit, as a party. The amended pleading alleged, *inter alia*, invalidity and unenforceability of the '897 and '784 patents in suit, by reason of alleged misconduct by Mr. Coleman, personally, and by his attorneys, in the prosecution of the '897 and '784 patents. The ensuing litigation on the amended complaint was acrimonious in the extreme, involving as it did prosecution by Mr. Randall of the alleged charges of misconduct made by Applied Materials against Mr. Coleman personally. After discovery, the parties stipulated a dismissal of the action with prejudice. (Tab 6). The defendants in the present consolidated action have used the substance if not the exact

NY02:489438.1                                                                 4

words of the amended pleading prepared by Mr. Randall as the basis for their allegations of inequitable conduct by Mr. Coleman and for their allegations of patent unenforceability to be tried in this consolidated action.

### IV. The Applicable Principles Of Law Required Mr. Filardi To Decline Appointment As Special Master <u>Or Having Accepted To Recuse Himself As Special Master</u>

The Code of Judicial Conduct for United States Judges governs the conduct of special masters. 69 F.R.D. 273, 286 (1975)("Anyone...who is an officer of a judicial system performing judicial functions, including an officer such as a...special master...is a judge for the purpose of this Code.") Rule 53(a)(2) Fed. R. Civ. P. provides that:

> A master must not have a relationship to the parties, counsel, action, or court that would require disqualification of a judge under 28 U.S.C. § 455 unless the parties consent with the court's approval to appointment of a particular person after disclosure of any potential grounds for disqualification.

Section 455(b) defines grounds for disqualification, which cannot be waived by the parties. 28 U.S.C. §§455(b), 455(e). Section 455(a) defines grounds for disqualification that can be waived by the parties <u>only if</u> the waiver "is preceded by a full disclosure on the record of the basis for disqualification." 28 U.S.C. §455(e). Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of the disqualification statute

> is to exact the appearance of impartiality. It focuses on what is revealed to the parties and the public, as opposed to the existence in fact of any bias or prejudice. A judge should exercise his discretion in favor of disqualification if he has any question about the propriety of his sitting in a particular case.
>
> The statute requires the judge to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality. But knowledge of all the facts implies only knowledge of those that are objectively ascertainable. The term cannot, as suggested by counsel, extend to what happens in the judge's chambers or to his actual virtue because, were that so, the test would not be the appearance of impartiality but the absence of actual prejudice.

*Hall v. Small Business Administration*, 695 F.2d 175, 178-9 (5th Cir. 1983)(citations omitted); *DeLuca v. Long Island Lighting Co. Inc.*, 862 F.2d 427, 428-9 (2d Cir. 1988)("'The test for an appearance of impartiality is...whether an objective, disinterested

observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case.'")(citations omitted).

Plasma Physics was never told that Skadden Arps, and perhaps Mr. Filardi himself, were negotiating with Messrs. Randall and Ebertin to have them join Skadden Arps as lateral partners in the Skadden Arps IP practice group. Skadden Arps and Mr. Filardi had to have known that Messrs. Randall and Ebertin were actively involved in the Applied Materials' case against Plasma Physics and Mr. Coleman. Indeed, Mr. Randall was the prime mover in the Applied Materials' litigation of the allegations of inequitable conduct by Mr. Coleman, which charges appear in the present action. Mr. Randall also signed the stipulation dismissing the Applied Materials' case with prejudice, which dismissal underlies the defendants' summary judgment motion being referred by the Court to Special Master Rando.[1]

The delay between the announcement in California by Messrs. Randall and Ebertin on May 28, 2004, that they were leaving Cooley Godward, and the public announcement by Mr. Filardi on June 2, 2004, that Messrs. Randall and Ebertin were joining Mr. Filardi's IP practice group at Skadden Arps is strong, if not conclusive, evidence that Mr. Filardi recognized the conflict in which he and Skadden Arps found themselves and actively concealed the conflict from Plasma Physics. Had Plasma

---

[1]  Coincidentally or not, on May 28, 2004, before the reference to Mr. Rando and the same day that Messrs. Randall and Ebertin told their partners at Cooley Godward of their decision to leave Cooley Godward to join Skadden Arps (Tab 4), San Diego counsel for Agilent telephoned to ask counsel for Plasma Physics to join in requesting Mr. Filardi to reconsider his previous decision not to undertake to decide that summary judgment motion, supposedly by reason of a lack of time to accept and complete that assignment. In declining the reference of the summary judgment motion, Mr. Filardi may have been splitting hairs that could not be split: rationalizing on the one hand that, while he could not become involved in the question about the reach of a stipulated dismissal with prejudice, which was personal to Applied Materials and had been executed by his nascent partner, Mr. Randall, but that, on the other hand, he could become involved as a special master in a litigation over the very same patent issues that had been litigated adversely to Plasma Physics by his nascent partner, Mr. Randall.

Physics known that Mr. Filardi was planning to enter partnership with Mr. Randall, an implacable foe of Plasma Physics and Mr. Coleman in respect of Mr. Coleman's patents, while at the same time he was deciding claim construction issues involving the very same patents, there is not the slightest chance that Plasma Physics would have agreed to Mr. Filardi's service as a Special Master.

Plainly, Mr. Filardi should have refused the appointment as Special Master or, if he thought somehow that he could proceed without his partiality being questioned, he should have made full disclosure of his relationship in being with Messrs. Randall and Ebertin. He did neither, leaving a Report and Recommendations that is shrouded in suspicion and riddled with errors (see Plasma Physics' "Objections Pursuant To Rule 53(g) Fed. R. Civ. P. To The Special Master's Report And Recommended Claim Constructions" served and filed on even date herewith).

## V.   Conclusion

The question of course is whether the Court should strike the Special Master's Report and Recommendations Claim Constructions in its entirety, which Plasma Physics submits in the circumstances is wholly appropriate relief. However, if the Court were to do so, the July 19 trial date could be jeopardized.

Plasma Physics thus proposes this alternative. Each of Mr. Filardi's claim constructions involve a question of law subject to *de novo* review by this Court. Fed. R. Civ. P. 53(g)(4). Not all of Mr. Filardi's constructions may be objected to by the parties. Those to which no objection is made should be adopted by the Court. Those constructions to which objection is made should be stricken. With the record that was

NY02:489438.1                               7

made by the parties during the Markman proceeding and the record that will be made at trial, the Court can make its own claim construction determinations before the Court charges the jury on the law.

Dated: June 24, 2003

Respectfully submitted,

Robert Neuner RN5287
John A. Fogarty, Jr. JF9384
Paul A. Ragusa PR9165

BAKER BOTTS LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2500

Attorneys for Plaintiff,
    Plasma Physics Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the document annexed hereto entitled, **PLAINTIFF PLASMA PHYSICS CORPORATION'S MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 455 (a) DISQUALIFYING SPECIAL MASTER FILARDI**, was on this 24th day of June, 2004 served on counsel for the Defendants in the manner described:

### VIA EMAIL & FEDEX

Sean C. Cunningham, Esq.
GRAY CARY
401 B Street, Suite 2000
San Diego, CA    92101-4240

Edmond R. Bannon, Esq.
FISH & RICHARDSON, PC
45 Rockefeller Center
New York, NY    10112

_____
Daniel J. Henry

NY02:489755.1